FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jun 04, 2024

SEAN F. McAVOY, CLERK

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| DON WIELER, as the personal representative of the estate of Eddie Todd,<br><br>Plaintiff,<br><br>v.<br><br>NATIONAL INDEMNITY COMPANY, a foreign entity; LISA NORGARD,<br><br>Defendants. | No. 2:23-CV-00285-SAB<br><br>**ORDER GRANTING MOTION TO DISMISS** |

Before the Court is Defendant's Lisa Norgard's Motion to Dismiss, ECF No. 6. Plaintiff is represented by Marshal W. Casey. Defendant National Indemnity Company is represented by Jeremy T. Knight and Jodi A. McDougal. Defendant Lisa Norgard is represented by Jacquelyn A. Beatty. The motion was considered without oral argument.

Defendant Lisa Norgard ("Norgard") moves the Court to dismiss all of Plaintiff's claims against Norgard with prejudice. Upon review, and being fully informed, the Court grants Norgard's motion.

**ORDER GRANTING MOTION TO DISMISS** # 1

## Facts

The following facts are drawn from Plaintiff's Complaint, ECF No. 1.

This action arises out of an automobile collision that occurred on July 8, 2021. Eddie Todd ("Todd") was a passenger in one of the vehicles involved in the collision. As a result of the collision, Todd suffered injuries and was entitled to recover compensatory damages from Defendant National Indemnity Company ("National Indemnity"). Todd filed a claim for damages with National Indemnity on May 3, 2022. Norgard, an employee of National Indemnity, took over this claim on June 9, 2022 after no response on his claim for over 30 days.

From June 9, 2022 to December 28, 2022, Todd corresponded with Norgard and National Indemnity. Plaintiff states that Todd informed Norgard several times that he was suffering from a severe illness and needed his benefits. Todd alleges that Defendants delayed their initial investigations and evaluations of Todd's injuries stemming from the July 8, 2021 collision. Eventually, Todd's counsel issued an Insurance Fair Conduct Act ("IFCA") notice that the delay was an actionable denial of benefits. Later, when Todd's counsel requested medical information from National Indemnity, Norgard responded that the requested medical information was work product. As a result of not receiving National Indemnity's medical opinion of his claim, Todd sought out and received a declaration of causation from a separate provider, Dr. Lundstrum.

Norgard did not respond to Dr. Lundstrum's declaration of causation for three weeks. On September 23, 2022, Todd's counsel, knowing of Todd's terminal illness, offered to arbitrate this matter so it could be resolved more quickly. Norgard responded 11 days after the arbitration offer to respond with an offer that was unacceptable to Todd.

Todd was concerned his claim would outlive his terminal illness and therefore participated in a deposition. Plaintiff alleges that Norgard continued to review Todd's claim and ordered another medical review. At that time, National

**ORDER GRANTING MOTION TO DISMISS** # 2

Indemnity indicated to Todd that no more money would be offered (totaling $47,000).

Todd died on February 15, 2023. Plaintiff represents Todd's Estate. Among other allegations against National Indemnity, Plaintiff alleges two causes of action against Norgard – (1) bad faith and (2) a violation of the Washington Consumer Protection Act ("CPA").

### Legal Standard

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 12(b)(6) allows a party to move for dismissal if the plaintiff has failed to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). Dismissal under this rule is only proper if there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Taylor v. Yee*, 780 F.3d 928, 935 (9th Cir. 2015); *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). When considering a 12(b)(6) motion, the court accepts the allegations in the complaint as true and construes the pleading in the light most favorable to the party opposing the motion. *Lazy Y Ranch Ltd. v. Behrens*, 546 F.3d 580, 588 (9th Cir. 2008). However, this does not require the Court "to accept as true legal conclusions couched as factual allegations." *Parents for Privacy v. Barr*, 949 F.3d 1210, 1221 (9th Cir. 2020).

To survive a motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Levitt v. Yelp!, Inc.*, 765 F.3d 1123, 1135 (9th Cir. 2014) (requirements of notice pleading are met if plaintiff makes a short and plain statement of their claims). A claim is plausible on its face when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The allegations must be enough to raise the right to relief above a speculative

**ORDER GRANTING MOTION TO DISMISS** # 3

level. *Twombly*, 550 U.S. at 555. It is not enough that a claim for relief be merely "possible" or "conceivable;" instead, it must be "plausible on its face." *Id*. at 556.

## Applicable Law

Washington insurance companies, and not their employees, owe a duty of good faith, both under the common law and under statute in RCW 48.01.030, based on a 'quasi fiduciary' relationship … No such relationship exists between an insurance company's employees and the insureds." *Wise v. Gov't Employees Ins. Co.*, No. 3:23-CV-05111-RJB, 2023 WL 3568510, at *2 (W.D. Wash. May 19, 2023). Furthermore, the *Wise* Court stated, "[t]here is no basis to conclude that [an insurance employee] is subject to personal liability for insurance bad faith claims or claims under the CPA." *Id.* No cause of action exists against [an] employee of an insurance company if the employee is acting within the scope of their employment. *Mercado v. Allstate Ins. Co.*, 340 F.3d 824, 826 (9th Cir. 2003). Put another way, "[e]mployee adjusters are not subject to personal liability for insurance bad faith or per se claims under the CPA, because employee adjusters are outside the quasi-fiduciary relationship." *Keodalah v. Allstate Insurance Co.*, 194 Wn.2d 339, 353 (2019).

## Discussion

*Keodalah* and *Wise* are clear, therefore, Norgard cannot be a Defendant in the above-mentioned action. Norgard's correspondence, as an insurance adjuster of National Indemnity, with Todd was outside the quasi-fiduciary relationship between insurer and insured described in *Keodalah*. When addressing Todd's claims, which stemmed from his injuries sustained in an automobile collision on July 8, 2021, Norgard worked within the scope of her employment with National Indemnity. Therefore, the bad faith and CPA claims against Norgard are dismissed, and Norgard is terminated as a defendant in this matter.

//

//

**ORDER GRANTING MOTION TO DISMISS** # 4

Accordingly, **IT IS HEREBY ORDERED**:

1.      Defendant Lisa Norgard's Motion to Dismiss Under FRCP 12(b)(6), ECF No. 6, is **GRANTED**.

2.      All of Plaintiff's claims against Defendant Norgard (allegedly violating (1) Bad Faith and (2) the Washington Consumer Protection Act) are **DISMISSED**.

3.      Defendant Norgard is **DISMISSED** without prejudice.

4.      The District Court Clerk is directed to **TERMINATE** Defendant Norgard from the above-captioned matter.

**IT IS SO ORDERED**. The District Court Clerk is hereby directed to enter this Order and to provide copies to counsel.

**DATED** this 4th day of June 2024.



Stanley A. Bastian
Chief United States District Judge

**ORDER GRANTING MOTION TO DISMISS** # 5