FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Sep 04, 2024

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| DON WIELER, as the personal representative of the estate of Eddie Todd,<br><br>    Plaintiff,<br><br>    v.<br><br>NATIONAL INDEMNITY COMPANY, a foreign entity,<br><br>    Defendant. | No. 2:23-CV-00285-SAB<br><br>**ORDER RE: MOTIONS FOR SUMMARY JUDGMENT** |

Before the Court are Plaintiff's Partial Summary Judgment Motion, ECF No. 28, and Defendant's Motion for Partial Summary Judgment, ECF No. 26. A hearing on the motions was held on August 16, 2024, by videoconference. Plaintiff was represented by Marshal W. Casey. Defendant National Indemnity Company was represented by Jeremy T. Knight and Jodi A. McDougal.

In his motion, Plaintiff asks the Court to enter partial summary judgment on Defendant's Consumer Protection Act liability and find the first three elements of a *per se* Consumer Protection Act claim have been met.

In its motion, Defendant asks the Court to grant summary judgment on Plaintiff's extra-contractual claims for common law insurance bad faith, negligent insurance adjusting, and violations of the Insurance Fair Claims Act and Consumer Protection Act. The parties agree that genuine issues of material fact exist for the

**ORDER RE: MOTIONS FOR SUMMARY JUDGMENT** ~ 1

breach of contract claim involving the dispute about the proper amount of Plaintiff's claim.

## Motion Standard

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). There is no genuine issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict in that party's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). The moving party has the initial burden of showing the absence of a genuine issue of fact for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). If the moving party meets its initial burden, the non-moving party must go beyond the pleadings and "set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 248.

In addition to showing there are no questions of material fact, the moving party must also show it is entitled to judgment as a matter of law. *Smith v. Univ. of Wash. Law Sch.*, 233 F.3d 1188, 1193 (9th Cir. 2000). The moving party is entitled to judgment as a matter of law when the non-moving party fails to make a sufficient showing on an essential element of a claim on which the non-moving party has the burden of proof. *Celotex*, 477 U.S. at 323. The non-moving party cannot rely on conclusory allegations alone to create an issue of material fact. *Hansen v. United States*, 7 F.3d 137, 138 (9th Cir. 1993). When considering a motion for summary judgment, a court may neither weigh the evidence nor assess credibility; instead, "the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson*, 477 U.S. at 255. In considering cross motions for summary judgment, the court views the evidence for each of the motions "in the light most favorable to the nonmoving party" for that motion and determines "whether there are any genuine issues of material fact and whether the district court correctly applied the relevant substantive law." *Wallis v.*

**ORDER RE: MOTIONS FOR SUMMARY JUDGMENT** ~ 2

*Princess Cruises, Inc.*, 306 F.3d 827, 832 (9th Cir. 2002).

## Facts

This action arises out of an automobile collision that occurred on July 8, 2021. Eddie Todd ("Todd") was in one of the vehicles involved in the collision. He was in the back seat of a car that had slowed down to turn into a driveway. The car behind him slowed down as well, and then a third car rear-ended the second car, which then rear-ended the car Mr. Todd was in.

At the time of the accident, Mr. Todd was 74 years old and had significant health issues, including end-stage renal failure, uncontrolled diabetes, rheumatoid arthritis, Hepatitis C (chronic liver inflammation) and heart issues. Prior to the accident, he experienced chronic neck pain, shoulder pain and hand pain related to the arthritis. In 2021, he had right leg surgery due to gangrene infection.

As a result of the collision, Todd suffered injuries and was entitled to recover compensatory damages from Defendant National Indemnity Company ("National Indemnity") under the underinsured provision of the driver's insurance policy.

Todd filed a claim for damages with Defendant on May 3, 2022. Lisa Norgard, an employee of Defendant, took over his claim on June 9, 2022 after no response on it for over 30 days.

From June 9, 2022 to December 28, 2022, Todd corresponded with Norgard. Todd informed Norgard several times that he was suffering from a severe illness and needed his benefits. Eventually, Todd's counsel issued an Insurance Fair Conduct Act ("IFCA") notice that the delay was an actionable denial of benefits. Later, when Todd's counsel requested information from Defendant's medical expert, Norgard responded that the requested medical information was work product. As a result of not receiving National Indemnity's medical opinion of his claim, Todd sought out and received a declaration of causation from his physician, Dr. Lundstrum.

**ORDER RE: MOTIONS FOR SUMMARY JUDGMENT** ~ 3

Norgard did not respond to Dr. Lundstrum's declaration of causation for three weeks. On September 23, 2022, Todd's counsel, knowing of Todd's terminal illness, offered to arbitrate this matter so it could be resolved more quickly. Norgard responded 11 days after the arbitration offer to respond, declining arbitration and offered $25,000, which was unacceptable to Todd.

Todd was concerned his claim would outlive his terminal illness and therefore he participated in a deposition. Norgard continued to review Todd's claim and ordered another medical review. At that time, Defendant indicated to Todd that no more money would be offered. Todd died on February 15, 2023.

Plaintiff filed suit on behalf of the Estate of Mr. Todd in Spokane County Superior Court, alleging six claims: (1) breach of contract; (2) negligent insurance adjustment; (3) bad faith; (4) Insurance Fair Conduct Act; (5) *per se* Consumer Protection Act violation; and (6) Consumer Protection Act.

**Applicable Law**

Federal courts sitting in diversity apply state substantive law. *Cuprite Mine Partners LLC v. Anderson*, 809 F.3d 548, 554 (9th Cir. 2015).

1. **Plaintiff's Partial Motion for Summary Judgment**

Plaintiff asks the Court to enter partial summary judgment on Defendant's *per se* Consumer Protection Act liability and find the first three elements of a Consumer Protection Act claim have been met.

To prevail on a CPA claim, "'a plaintiff must establish five distinct elements: (1) unfair or deceptive act or practice; (2) occurring in trade or commerce; (3) public interest impact; (4) injury to plaintiff in his or her business or property; (5) causation.'" *Perez-Crisantos v. State Farm Fire and Casualty Co.*, 187 Wash.2d 669, 685 (2017) (quoting *Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.*, 105 Wash.2d 778, 7801 (1986)). The public interest element may also be satisfied per se where an insurer has violated a statute that contains "a specific legislative declaration of public interest impact." *Hangman Ridge*, 105

**ORDER RE: MOTIONS FOR SUMMARY JUDGMENT** ~ 4

Wash.2d at 791. CPA claims alleging unfair insurance practices satisfy this requirement because in Wash. Rev. Code § 48.01.030, the legislature has specifically declared that the "'business of insurance is one affected by the public interest.'" *Anderson v. State Farm Mut. Ins. Co.*, 101 Wash. App. 323, 330 (2000).

A single violation of a chapter 284-30 WAC regulation establishes a *per se* unfair or deceptive practice that entitles an insured to bring a private action against an insurer under the CPA. *St. Paul Fire and Marine Ins. Co. v. Onvia, Inc.*, 165 Wash.2d 122, 129 (2008); *see also Indus. Indem. Co. of the Nw., Inc. v. Kallevig*, 114 Wash.2d 907, 921 (1990).

Defendant asserts questions of fact exist regarding whether Plaintiff has shown that it violated the insurance regulations. The Court agrees. Moreover, a reasonable jury could find that Defendant acted reasonably, that its standards are not unreasonable, frivolous, or unfounded, that it responded to all pertinent communications that reasonably suggested a response was expected, and that its investigation was reasonable. The Court declines to rule as a matter of law that Defendant violated the insurance practices regulations. The Court denies Plaintiff's Motion for Partial Summary Judgment.

**2. Defendant's Motion for Summary Judgment**

Defendant argues that Plaintiff's extra-contractual claims for common law insurance bad faith, negligent insurance adjusting and violations of the Insurance Fair Conduct Act and Consumer Protection Act should be dismissed as a matter of law because it did not deny, let along unreasonably deny, policy benefits to Eddie Todd in connection with the UIM claim. It also argues that Plaintiff's non per se consumer protection act claim should be dismissed because Plaintiff cannot show damage to business or property. As it sees it, Plaintiff's injury is merely derivative of personal injury damages.

Under the Insurance Fair Conduct Act (IFCA), an insurance policyholder who has been "unreasonably denied a claim for coverage or payment of benefits by

**ORDER RE: MOTIONS FOR SUMMARY JUDGMENT ~ 5**

their insurer" may file an action for damages. Wash. Rev. Code § 48.30.015.

In Washington, "an insurer has a duty of good faith to its policyholder and violation of that duty may give rise to a tort action for bad faith." S*mith v. Safeco Ins. Co.*, 150 Wash.2d 478, 482 (2003). In order to establish bad faith, an insured is required to show the breach was unreasonable, frivolous, or unfounded." *Kirk v. Mt. Airy Ins. Co.*, 134 Wash.2d 558, 560 (1998).

Here, questions of material fact exist that precludes summary judgment. Also, a reasonable jury could find that Defendant unreasonably denied policy benefits to Mr. Todd based on the proffered settlement amount and in doing so, violated its duty of good faith and acted negligently.

On the other hand, the Court agrees that Plaintiff's non per se consumer protection claim should be dismissed because the failure to tender Plaintiff's requested settlement amount does not constitute an injury to Plaintiff's business or property. *See Vorhees v. Esurance Ins. Servs.*, 2024 WL 3069977 (W.D. Wash. June 20, 2024).

//
//
//
//
//
//
//
//
//
//
//
//
//

**ORDER RE: MOTIONS FOR SUMMARY JUDGMENT ~ 6**

Accordingly, **IT IS HEREBY ORDERED**:

1. Defendant's Motion for Partial Summary Judgment, ECF No. 26, is **GRANTED, in part** and **DENIED, in part**.

2. Plaintiff's Partial Summary Judgment Motion, ECF No. 28, is **DENIED**.

3. Prior to trial, the Court expects the parties to engage in meaningful settlement proceedings. The parties should file a notice if they want to use a Magistrate Judge to facilitate mediation and the Court will refer the matter to the Magistrate Judge.

**IT IS SO ORDERED**. The District Court Clerk is hereby directed to enter this Order and to provide copies to counsel.

**DATED** this 4th day of September 2024.



Stanley A. Bastian
Chief United States District Judge

**ORDER RE: MOTIONS FOR SUMMARY JUDGMENT** ~ 7